IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01588-PAB-MJW

TOMMY STEWART,

Plaintiff,

v.

COMCAST CABLE HOLDINGS, LLC,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(Docket No. 16)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Philip A. Brimmer on July 22, 2010 (Docket No. 9).

On June 29, 2010, the pro se plaintiff submitted to the court a Title VII Complaint (Docket No. 3) and his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 1).  The Complaint was eventually filed on July 2, 2010 (Docket No. 3).  That pleading is comprised of a hand-written form complaint and a type-written complaint (which appears to have been prepared for an action in state court) in which plaintiff alleges defendant discriminated against him because of race, color, disability, demotion/discharge from employment, and non transfer.  (Docket No. 3 at 1).  In

2

addition, he states that he received from the Equal Employment Opportunity Commission ("EEOC") or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on July 28, 2009.  (Docket No. 3 at 2 and 8, ¶ 6).

Now before the court for a report and recommendation is the Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 16).  Plaintiff has not filed a response to the motion.  The court has considered the motion (Docket No. 16), the court's file, and applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion to dismiss be granted.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp., 550 U.S. at 545 (citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleading has been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Plaintiff appears to be asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  Defendant correctly asserts that the plaintiff's claims here are time-barred.  "A plaintiff asserting a claim under . . . the ADA, or Title VII must file suit within 90 days after receiving a right-to-sue letter from the EEOC."  Robinson v. Dean Foods Co., 2009 WL 723329, at *2 (D. Colo.

4

Mar. 18, 2009) (citing 42 U.S.C. § 12117(a) (ADA); 42 U.S.C. § 2000e-5(f)(1) (Title VII)). "It is well settled that the 90-day period for filing a civil lawsuit after final disposition of a complaint by the EEOC is 'a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling,' . . . . Thus, the requirement is not jurisdictional but is in the nature of a statute of limitations." Id. (quoting Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996)).

Here, plaintiff avers in his Complaint that he received the Notice of Right to Sue from the EEOC on July 28, 2009 . While his typed pleading also avers that "[t]his suit is filed within 90 days of receipt of the right to sue letter" (Docket No. 3 at 8, ¶ 7), his pleading was not received by this court until June 29, 2010. Nothing in the recording indicates that waiver, estoppel, or equitable tolling are applicable in this case. "The ninety-day time limit is strictly administered." Saldana v. Atlas Pac. Eng'g Co., 2009 WL 1965492, at *4 (D. Colo. July 8, 2009). Therefore, accepting the allegations in the Complaint as true, the plaintiff's claims are time barred because his Complaint was submitted to this court well after the ninety-day time limitation had expired. Consequently, the allegations in the plaintiff's Complaint are not sufficient to state a claim on which relief can be granted, and the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 16) be granted.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

5

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  March 14, 2011                             s/ Michael J. Watanabe
          Denver, Colorado                         MICHAEL J. WATANABE
                                                                United States Magistrate Judge