IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01588-PAB-MJW

TOMMY STEWART,

    Plaintiff,

v.

COMCAST CABLE HOLDINGS LLC,

    Defendant.

## ORDER

    This matter is before the Court on the Recommendation [Docket No. 35] filed by United States Magistrate Judge Michael J. Watanabe on March 14, 2011. Magistrate Judge Watanabe recommends that defendant's motion to dismiss [Docket No. 16] be granted. Because plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    In its motion to dismiss, defendant argued that plaintiff's complaint, which asserts claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, was untimely filed. The Recommendation agreed with defendant, concluding that plaintiff failed to file his complaint within ninety days of receiving his Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"); *see* Docket No. 35 at

3-4, as is required by Title VII and the ADA. See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). The Recommendation further informed the parties that they had fourteen days after service of the Recommendation to file any objections. See Docket No. 35 at 5.

As an initial matter, plaintiff, who did not respond to defendant's motion, waived any objection to dismissal on untimeliness grounds. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); see also Gonzales v. Ledezma, 2011 WL 1167666, at *2 (10th Cir. March 30, 2011). Furthermore, while the Court will review *de novo* any portion of the Recommendation that has been timely objected to, see Fed. R. Civ. P. 72(b), plaintiff's objections [Docket No. 37] to the Recommendation were untimely filed on April 5, 2011. In the absence of timely objections, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to ensure that there is "no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b),

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

Advisory Committee Notes.  Based on this review, the Court concludes that there is no clear error and adopts the Recommendation.

Even if the Court were to consider the arguments raised in plaintiff's objections and subject defendant's motion to *de novo* review, plaintiff has not called into question the conclusion reached by the Recommendation.  In fact, plaintiff does not dispute that his complaint was untimely.  Rather, he suggests that he was informed by a law firm representing him at the time that his case had been filed in state court and had received the docket number 2008CV10909.  Assuming *arguendo* that this could support the equitable tolling of the limitations period, the docket number corresponds to a case filed in 2008, before plaintiff received his Right to Sue letter from the EEOC on July 28, 2009.  In short, plaintiff has failed to come forward with evidence that would support the equitable tolling of the limitations period here.  *See Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267-68 (10th Cir. 1996) (stating that "[c]ourts have narrowly construed equitable exceptions to the time limitations set out in Title VII" and that the "Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period.").

For the foregoing reasons, it is

**ORDERED** that the Recommendation [Docket No. 35] is ACCEPTED.  It is further

**ORDERED** that defendant's motion to dismiss [Docket No. 16] is GRANTED.  It is further

**ORDERED** that plaintiff's complaint is dismissed and that judgment shall enter accordingly.

DATED April 21, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge